June 12th, 1905.

———o———

## No. 3756.

### (Court of Appeal, Parish of Orleans.)

### CHAS. G. FLETCHER vs. BOETTNER & BRAUNING.

Appeal from Civil District Court, Division "A."

W. F. Brewer, for Plaintiff and Appellant.

Chas. I. Denechaud, for Defendant and Appellee.

1. When parties reduce their contracts to writing and when the terms of the writing exhibit no uncertainty or ambiguity as to the nature, the object and the extent of the agreement, it is presumed that the writing expresses the true and complete undertaking of the parties.

2. Ambiguous contracts may be explained or controlled by proof of unambiguous circumstances; but unambiguous contracts cannot be destroyed by ambiguous circumstances. 41 A. 15.

ESTOPINAL, J. The plaintiff having purchased the "Bar Privileges" at the Fair Grounds on Labor Day, sub-let to the defendants, who are saloon keepers, a certain bar designated as "Bar No. 5," under the following written lease:

398

"Mr. Chas. G. Fletcher, City:

"Dear Sir:—I, the undersigned, do hereby offer the sum of $105.00 for the privilege of Bar No. 5 at Fair Grounds at Labor Day picnic, September 5th, 1904. It is also agreed that only American Brewery Company, of New Orleans, bottle and draft beers be sold and no other beer.

"It is also agreed that only Union bar tenders and Union waiters be employed, if they can be secured.

"It is also agreed that in case of postponement this agreement to hold good on day that picnic is postponed to.

"I also agree to pay one-half of the above amount on signing this agreement and the other half on day before picnic, September 4th, 1904, or forfeit my deposit.

(Signed)    "BOETTNER and BRAUNING."

Plaintiff sues for the contract price plus two dollars alleged to have been expended by him, outside the contract and in the interest of defendants.

Defendants resist, claiming a violation of the contract.

From a judgment dismissing his suit plaintiff appeals.

Our examination of the testimony satisfies us that the terms of the contract were violated by plaintiff in a very material particular; in fact, a most vital provision of that instrument was avoided, practically distinctive of its real intention.

It appears that the several bar privileges had been located and numbered by plaintiff and that defendants, in company with plaintiff, visited the Fair Grounds for the purpose of looking the ground over and making a selection of a bar.

Bar No. 5 being shown defendants and it appearing to them to be the best located as well as the largest and best constructed on the grounds, they agreed upon the terms and the lease was made and signed.

The determination of this matter hinges entirely upon the

question as to whether the contract was carried out in the material particular "the location and bar."

We find it was not and that fact is established not only by the contract itself and the testimony of defendants and several other witnesses, but by the admissions of the plaintiff as well.

Defendant (Brauning) testifies that on the occasion of his visit to the picnic grounds he said to plaintiff:

"Mr. Fletcher, I get this bar, do I?" to which plaintiff replied: "That's the bar you get."

"We came back home and then I signed the contract, fully thinking I would get what he showed me."

Q. "Was the bar referred to by any number or term?

A. "It was referred to as Bar No. 5.

Q. "Was the bar referred to by that number, or did Mr. Fletcher lead you to believe the number applied to a certain plot of ground?

A. "Mr. Fletcher told me it was number 5, and had spoken to me about Bar No. 5 before we went out; and he said, 'This is the bar I spoke about, it's forty feet.' We stepped it off and he said, 'This is the bar you are to get.' We came back then and signed the contract, etc." ·

Defendant is corroborated by several other witnesses.

Plaintiff testifies:·

Q. "You admit you showed them a bar the day before signing the contract?

A. "Yes, sir.

Q. "And that was 'bar privilege No. 5?'

A. "Yes, sir."

Plaintiff endeavors to explain his inability to carry out his contract by saying that he was unable to secure the "Carmen's bar" designated as "Bar No. 5," and that defendants' privilege to use that particular bar was contingent upon plaintiff getting the same.

Nothing in the record indicates any such condition, and the contract itself contains no alterative conditions, and furthermore plaintiff's testimony is contradictory, inconsistent and vacilating, that it is of no value to us in determining the issues.

Proof is made that the "Carmen's bar" was well constructed, forty feet long and possessing all necessary conveniences for carrying on the sale of refreshments, whereas the bar actually tendered defendants was, comparatively, a makeshift. It cannot avail plaintiff to now set up that defendants suffered no loss by the change of "Bar Privilege No. 5" to another not as good, the attendance at the picnic having been kept down by rainy weather.

The testimony shows that defendants made a large provision of beer and other refreshments and engaged the services of seventeen men, all in contemplation of operating the large "Bar No. 5," and entailing an expense considerably in excess of that needed to operate the smaller bar furnished them.

Our learned brother of the District Court has, in a few lines, so ably, and, in our opinion, correctly disposed of the questions involved that we gladly incorporate them in this opinion:

"The evidence shows that the plaintiff did not carry out his contract. It was developed after signing the contract that plaintiff could not secure and deliver to defendants the property contracted for, and that another place inferior to that leased to defendants was obtained and fitted up and used by the defendant at the picnic. This suit on the contract is not sustained by proof and plaintiff is not entitled to the price of that contract.

"What the rent of the property actually delivered and used by the defendants was worth would be the measure of defendants' liability to plaintiff, and so, without prejudice to plaintiff's right to sue on a *quantum meriut* and without prejudice to defendants' right against the same, plaintiff's suit must be dismissed at his costs."

Judgment affirmed at appellant's costs.